sult. The conclusion reached is that this will is to be regarded precisely as though the testator had left personal property only, and had bequeathed the same directly to his wife and children in equal shares.

The decree and order should be affirmed, with costs. All concur.

---

(58 App. Div. 528.)

GILDEA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. STREET RAILROADS—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
   Plaintiff, suing for injuries received by being struck by a street car while crossing the track, testified that as she stepped off the curb she looked up the street and saw a car at the crossing, which appeared to be standing, with a dark light on the top; that she looked in the other direction, and then started across the street; that she looked again, and the car was onto her; that the car was dark, and she heard no bell; and that the street was very dark. There was other evidence that the car was going fast, with no lights, and without ringing the bell, and that there was plenty of light to see plaintiff at from 50 to 125 feet from where she was struck. *Held*, that there was sufficient evidence of defendant's negligence to go to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   It is not contributory negligence for a person to cross a car track in the middle of a block on a dark night, where he looked and saw a car, which appeared to be stationary, at the street intersection.

   Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Annie Gildea against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Otto H. Droege, for respondent.

INGRAHAM, J. The plaintiff, 23 years of age, attempted to cross the track of the defendant between First and Second avenues on the night of June 30, 1898, between 10 and a quarter past 10 o'clock. The plaintiff testified that as she stepped off the curb into the street she looked toward Second avenue, and saw a car at Second avenue, on Fifty-Ninth street; that it looked to her to be standing at Second avenue, with a dark light on the top of the car; that after seeing this car she looked toward Third avenue, and then proceeded to cross the street. She says:

"And then I looked again, and when I looked again the car was onto me. I seen the car twice before I was struck by it. The first time I saw it, near Second avenue, I was outside, in front of 227. * * * When I saw it the second time, it was still dark. Then I went across the street, and when I looked the car was near me. The car at that time was still dark. When I saw it that last time I was on the track, and I didn't hear no bell nor nothing. When I saw it the last time, it was almost on top of me."

She also testified that Fifty-Ninth street, along in that direction, is a very dark street, and that on that night it was dark up towards

Second avenue. There was further evidence that as the car came from Second to Third avenue the bell was not rung, and that the car was going fast, with no lights on it, but there was a plenty of light for the witnesses to see the plaintiff at from 50 to 125 feet from where she was struck.

I think there was evidence to justify the submission of this case to the jury. The jury could find that the light was sufficient for the motorman to see the plaintiff at a distance of 125 feet; that when she stepped into the street she looked to see if it was safe to cross, and that she saw a car which appeared to her to be stationary at Second avenue; that as she attempted to cross the street the car came up with full speed, and struck her before she could cross the track; that the motorman could have seen the plaintiff crossing the track; and that, either from inattention, or for some other reason, he failed to stop the car so as to enable her to cross in safety. This would be evidence from which the jury could find negligence.

Upon the question of contributory negligence, I think there was sufficient to justify the jury in finding that the plaintiff saw the car at Second avenue, that it appeared to be stationary, and that she then attempted to cross the street. I do not think that it was contributory negligence for her, under such conditions, to cross the track.

Upon the whole case, both the defendant's negligence and the plaintiff's contributory negligence were for the jury, and the case was submitted upon a charge to which no objection was taken. I think the judgment should be affirmed, with costs.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur. VAN BRUNT, P. J., dissents.